**Antonio Luis WILLIAMS, Petitioner–Appellant,**

v.

**D.L. RUNNELS, Acting Warden, Respondent–Appellee.**

No. 04–15921.

D.C. No. CV–02–02310–CW.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Antonio Luis Williams, Crescent City, CA, pro se.

Allan Yannow, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Antonio Luis Williams appeals pro se the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

judgment denying his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Williams contends that his Sixth Amendment right to counsel was violated by the state court's denial of his pre-trial motions filed pursuant to *People v. Marsden*, 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970). However, we perceive nothing in the state court's decisions that violates the Constitution. *See Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir.2000) (en banc) (stating that "not every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights").

Williams also contends that his Sixth Amendment right to counsel and his Fourteenth Amendment right to a fair trial were violated because the state trial court did not revoke sua sponte his right of self-representation on account of his courtroom misconduct. Because the trial court's failure to revoke sua sponte William's right of self-representation was not contrary to, nor an objectively unreasonable application of, *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), this claim fails. *See id.* at 832, 834 n. 46 (holding that the Sixth Amendment encompasses the right of self-representation and noting that a "trial judge *may* terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct") (emphasis added).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.